IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


KENNETH PAGE                                                                                          PLAINTIFF

V.                                          CASE NO. 1:17-CV-01024

CAPTAIN DOUG WOOD, Columbia
County Detention Center ("CCDC");
SHERIFF MIKE LOE, Columbia County,
Arkansas; GREG HAWLEY, Jail Administrator;
SERGEANT DODD, CCDC; and OFFICER
TYLER C., CCDC                                                                                      DEFENDANTS

## ORDER

Before the Court is Defendants' Motion to Dismiss. (ECF No. 16). Plaintiff has not responded. The Court finds this matter ripe for consideration.

Plaintiff Kenneth Page filed this 42 U.S.C. § 1983 action *pro se* on March 27, 2017. (ECF No. 1). On July 13, 2017, Defendants filed a Motion to Compel answers to discovery requests. (ECF No. 11). On August 1, 2017, the Court granted the Motion to Compel and directed Plaintiff to respond to Defendants' discovery requests by August 17, 2017. (ECF No. 13). Plaintiff was advised in the order that failure to comply may result in the dismissal of this case. On September 26, 2017, Defendants filed a Motion to Dismiss (ECF No. 16) stating Plaintiff never responded to Defendants' discovery requests despite this Court's order to do so. Plaintiff's last communication with the Court was September 25, 2017, when he submitted a change of address. (ECF No. 15).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk
> and the other parties to the proceedings of any change in his or her address, to

> monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to prosecute this matter and has failed to obey a court order. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Defendants' Motion to Dismiss (ECF No. 16) should be and hereby is **GRANTED** and Plaintiff's claims as to all Defendants are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 18th day of October, 2017.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge